Henry F. JAMES, Jr., Plaintiff–
Appellant,

v.

Larry G. MASSANARI,* Acting Com-
missioner, Social Security Admin-
istration, Defendant–Appellee.

No. 00–36041.

D.C. No. CV–99–06264–RE.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2001 **.

Decided Oct. 26, 2001.

Before CHOY, SKOPIL, and
FERGUSON, Circuit Judges.

MEMORANDUM ***

Henry James appeals the district court's order reversing the Administrative Law Judge's ("ALJ") denial of disability benefits and remanding for further proceedings. James argues that the district court failed to credit three medical source opinions. He further claims that if the medical source opinions are credited, the record supports a finding of disability and remand for payment of benefits is required. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's decision.

James applied for Title II disability insurance benefits in 1995. His application was denied, as was his subsequent request for reconsideration. James then requested, and was granted, a hearing in front of an ALJ. After the hearing, the ALJ denied James' application, finding that James retained the ability to perform a reduced range of light work. In his decision, the ALJ discounted the opinions of two of James' examining physicians. He also failed to address the opinion of another of James' examining physicians. James ap-

---

* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

pealed to the Social Security Administration's Appeals Council, which sustained the ALJ's decision.

James next filed a complaint with the district court for judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). On appeal to the district court, the Commissioner conceded that the ALJ did not provide sufficient justification for discounting or ignoring the medical source opinions of James' three doctors. The district court reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g) [sentence four]. It acknowledged that it had the ability to award benefits directly, but declined to do so.

A district court's decision to remand for further proceedings is reviewed for an abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir.), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). When reviewing for abuse of discretion, we cannot reverse unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Wing v. Asarco Inc.*, 114 F.3d 986, 988 (9th Cir.1997) (citation omitted).

*Smolen v. Chater* sets forth a three-part test for determining when a court should credit improperly rejected evidence and remand for an award of benefits. 80 F.3d 1273, 1292 (9th Cir.1996). Under *Smolen*, award of benefits is appropriate if:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* (citations omitted); *see also Harman*, 211 F.3d at 1178. The Commissioner has conceded that the ALJ failed to give sufficient justification for rejecting James' doctors' opinions, thus the first step of the *Smolen* test is not at issue.

James contends that the district court failed to credit the three improperly rejected medical source opinions as required by *Smolen* and *Harman*. Contrary to James' argument, the district court did credit the three medical source opinions in its decision. It concluded "it is not clear from the record that, even if these opinions were properly evaluated, plaintiff would be entitled to benefits." Although James argues that the district court's use of the term "evaluated" rather than "credited" shows that it did not give proper weight to the medical opinions, the district court's use of "evaluated" in this context was synonymous with "credited." Moreover, the district court stated that it agreed with the Commissioner's position that it is "not clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." We, therefore, reject James' contention that the district court failed to credit the three medical source opinions.

James further contends that if the three improperly rejected medical opinions are credited, there are no outstanding issues that need to be resolved, the record supports a finding of disability, and remand for an award of benefits is required under *Smolen*. We conclude that the district court did not abuse its discretion in determining that, even crediting the three medical source opinions, there are outstanding issues and the record does not establish that James is disabled. The district court reasoned that if the medical opinions are credited, there are discrepancies and contradictions in the medical record and issues of credibility that must be resolved. Accordingly, it concluded that the record does not require a finding of disability, and

that remand for further proceedings was appropriate. The district court's analysis of the record, including the credited medical opinions, did not constitute "a clear error of judgment." *Wing*, 114 F.3d at 988. As a result, it cannot be said that the district court abused its discretion by remanding for further proceedings.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.